*Hardeman, Jones, Park & Johnston,* for defendant.

---

## PULLIAM *v.* GAINES.

PER CURIAM. A tract of land containing twenty-one and five tenths acres was set apart to a widow as a dower. Most of this was on one side of a railroad-track. About seven and eight tenths acres of it were on the opposite side of the railroad. The administrator of the deceased husband sold to B. a larger tract which embraced that set apart to the widow as dower. The deed recited that the conveyance was subject to the dower estate. B. carved out of the tract so purchased by him a smaller tract containing fourteen and eight tenths acres, more or less, which he conveyed by deed to M. The land was appropriately described in the deed. The descriptive averments were aided by a plat duly attached, which showed that the land was bounded on one side by the railroad. It included a part of the land set apart as dower, and that part of it was sold subject to the dower. The fourteen and eight tenths acres adjoined other land of M. which, when taken altogether, formed a tract of eighty-six. and eight tenths acres, more or less. M. conveyed the tract so formed to H., describing the land as forming one body. · The deed recited: "seven and eight tenths acres, more or less, of the above .eighty-six and eight tenths acres is a part of the dower, . . and is hereby sold . . subject to the said widow's dower." H. never acquired any other interest in the dower tract. The widow married again. H. sold to the widow and her second husband a part of the tract of eighty-six and eight tenths acres. The deed described the land by naming the owners of abutting lands, and as "containing thirty-five acres, more or less; also thirty-five seventy-ninths part of the dower, . . the same being seven and eight tenths (7.8) acres." The widow died without other heirs than her husband, and he conveyed to P. the land as described in the deed from H. After the deed by H., above mentioned, he executed a deed to G., conveying a tract of forty-three and one fifth acres more or less, and "also forty-four seventy-ninths (44/79) part of the dower, . . the same being seven and eight tenths (7.8)

acres, more or less." Later H. executed to G. another deed to forty-four seventy-ninths undivided interest in the seven and eight tenths acres, describing the land by metes and bounds. G. brought statutory proceedings against P. to partition the seven and eight tenths acres in the proportion of forty-four seventy-ninths to the plaintiff and thirty-five seventy-ninths to defendant. The defendant denied tenancy in common, and claimed title to the whole. *Held*, that the deed from H., under which the defendant claimed, conveyed the title to the seven and eight tenths acres mentioned, subject to the widow's dower therein, and not merely a thirty-five seventy-ninths undivided interest in such seven and eight-tenths acres.

(a) The words, "thirty-five seventy-ninths part of the dower of the widow," were descriptive of the land conveyed as being that fractional part of the parcel which had been set apart under the widow's application for dower, and which was referred to as the dower of the widow. The word "part" referred to a physical portion, and not to an undivided interest. This is rendered more certain by the immediately following expression, "the same being seven and eight tenths (7.8) acres." The words "the same being" evidently were not intended to refer to the entire dower, which covered twenty-one and one half acres. They must have referred to a part of the dower land which was described as being a thirty-five seventy-ninths part or fraction thereof, and declared to be seven and eight tenths acres. It was hardly possible that the grantor intended to declare seven and eight tenths acres to be the same as a thirty-five seventy-ninths undivided interest in the whole of the dower or some part thereof, rather than that the stated number of acres was the same as a fractional part of the dower tract which bore the relation to the whole of thirty-five to seventy-nine.

(b) Although the statement of the proportion between the area of the parcel containing seven and eight tenths acres and that of the entire dower tract may not have been accurate, if the description was otherwise sufficient, this misdescription would not affect the title conveyed by the deed.

(c) While, if the only description in the conveyance of a parcel of land were that it contained seven and eight tenths acres, in a controversy between the grantee and another over the land so sought to be conveyed, or a portion thereof, the conveyance might be declared void for insufficiency of description, the present case arose on an application for partition, in which the land described (therein said to contain seven and sixty-five one-hundredths acres more or less) was alleged to be owned jointly by one who derived his title under the deed above construed, and by the applicant, who derived his title from the same grantor by a later deed purporting to convey to him a forty-four seventy-ninths interest. Moreover, evidence was introduced for the purpose of showing that the seven and eight tenths acres, the subject-matter of the controversy, were included within the boundaries mentioned in the deed above described. So that the controlling question was as to the proper construction of the deed to which reference has been made above.

(d)  Under the rulings hereinbefore made (which are controlling), it becomes unnecessary to refer to each ground of the motion for a new trial separately.          *Judgment reversed. All the Justices concur.*
FEBRUARY 19, 1916.

Partition. Before Judge Meadow. Elbert superior court. October 19, 1914.

*J. H. Skelton* and *Worley & Nall,* for plaintiff in error.

*P. P. Proffitt* and *W. D. Tutt,* contra.